United States District Court
Southern District of Texas
**ENTERED**
March 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | Criminal Case No. 4:15-CR-00647 |
| | § | |
| **MARIA GONZALES MUÑOZ** | § | |

## ORDER

Pending before the Court is Defendant Maria Gonzales Muñoz's letter motion to appoint counsel to assist with filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 62).

There is no constitutional right to counsel in Section 3582 or other post-appellate criminal proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceedings). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Rodriguez*, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008)); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See United States v. Joseph*, 2020 WL 3128845, at *2 (E.D. La.

June 12, 2020) (internal citation and alterations omitted) (quoting *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

Defendant seeks counsel to determine if she qualifies for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. Parts A and B of Amendment 821 apply retroactively. Part A addresses "status points," the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Under Part A, (1) offenders with six or fewer criminal history points will no longer receive status points, and (2) offenders with seven or more criminal history points will only receive one status point instead of two. Part B of Amendment 821 creates a new guideline that provides for a decrease of two offense levels for offenders with zero criminal history points whose offense did not involve specific aggravating factors. *See* U.S.S.G. § 4C1.1.

Defendant had zero criminal history points; however, because she was convicted of a sex offense, she fails to meet the criteria for an adjustment. *See* U.S.S.G. § 4C1.1(a)(5). She therefore receives no benefit from Amendment 821.

Because Defendant is not eligible for relief under Amendment 821, her motion to appoint counsel, (Dkt. No. 62), is **DENIED as MOOT**.

It is SO ORDERED.

Signed on March 13, 2024.

                                                **DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**